UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

       - against –

RAYMOND TAVAREZ,

          Defendant.

------------------------------X

**MEMORANDUM AND ORDER**

02 Cr. 0599 (NRB)
02 Cr. 1282 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**


Defendant Raymond Tavarez pled guilty to conspiracy to commit money laundering under 18 U.S.C. § 1956(h) in connection with a drug trafficking scheme.[1]  ECF No. 40.  Under the plea agreement, defendant's stipulated guidelines range was 63 to 78 months.  Id. at 4.  On October 3, 2019, the Court imposed a sentence of 63 months' imprisonment followed by three years of supervised release.  ECF No. 43.  On January 27, 2021, the Court received defendant's motion for compassionate release from Moshannon Valley Correction Center ("MVCC").[2]  For the following reasons, defendant's motion is denied.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits a court to "reduce a term of

---

[1]    Defendant filed identical motions in Case No. 02-cr-599 and Case No. 02-cr-1282.  However, the Government filed a notice of nolle prosequi in Case No. 02-cr-1282 and the charge was dismissed without the entry of judgment.  On that basis, defendant's motion pertaining to that case is denied.  Citations to ECF therefore correspond to filings in Case No. 02-cr-599.

[2]    Defendant has subsequently been moved to FCI McDowell.

imprisonment" if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). A court may reduce a defendant's sentence under Section 3582(c)(1)(A)(i) only "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant bears the burden of demonstrating that his release is justified under Section 3582(c)(1)(A). See United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).

Defendant has failed to demonstrate that he has fully exhausted his administrative remedies to pursue a reduction of his sentence. Here, counsel for the defendant attests that he sent an application for a sentence reduction to the warden of MVCC via email, and no response was received within 30 days, at which point he filed the instant motion. ECF No. 49. He attaches the application as an exhibit to the motion which reveals that the

application was sent to the following email address: Bro/EXECAssistant@bop.gov.  Id. at 8.

However, use of this address would not reach administrators at MVCC.  Instead, it is an address used by the Brooklyn Metropolitan Detention Center.  Defendant's counsel claims he has used this email address "repeatedly" to transmit compassionate release letters to wardens.  ECF No. 50.  Be that as it may, the Government in its objection to defendant's motion informs the Court that MVCC has no record of receiving defendant's compassionate release request.  ECF No. 52 at 6.[3]

The Board of Prison's website has clear directions for sending mail to the MVCC staff, prominently listing an email address, phone and fax number, and a mailing address.[4]  Not only did defendant's counsel fail to use any of these means to contact MVCC on behalf of his client; he failed to follow up on his request in any way to ensure that it had reached the correct parties.  This does not satisfy § 3582(c)(1)(A)'s exhaustion requirement which only allows defendant to make a motion for a reduced sentence 30 days after the receipt of a request by the warden of a defendant's facility.

---

[3]     Defendant's counsel filed a short reply to the Government's opposition claiming to attach "the email receipt for the forwarding of the request to the Warden on December 28, 2021."  However, counsel merely attached the same email to Bro/EXECAssistant@bop.gov that was included with the original motion.  ECF No. 53.

[4]     CI Moshannon Valley, Federal Bureau of Prisons, https://www.bop.gov/locations/ci/mvc/.

Nor can the Court ignore this deficiency in defendant's application.  Section 3582(c) is clear that a court may not modify a term of imprisonment except where the defendant has exhausted his administrative remedies, and, consistent with the plain language of the statute, this Court has determined that a motion for sentence reduction must be denied where the defendant has failed to meet this requirement.  See, e.g., United States v. Patterson, No. 06 Cr. 80-6 (NRB), 2020 WL 3451542, at *1 (S.D.N.Y. June 23, 2020); United States v. Pereyra-Polanco, No. 19 Cr. 10 (NRB), 2020 WL 1862639, at *1 (S.D.N.Y. Apr. 14, 2020).

Even were we able to consider defendant's motion, he has not established "extraordinary and compelling reasons" that warrant a reduction to his sentence.  The motion asserts that defendant is at heightened risk of severe illness from Covid-19 because he suffers from tuberculosis and Hepatitis B.  ECF No. 49 at 2. However, Hepatitis B is not identified by the CDC as a risk factor for severe illness from Covid-19,[5] and defendant's medical records – provided by the Government – indicate that defendant received treatment for his tuberculosis and that as of September of 2020 the disease is latent and defendant is not exhibiting any symptoms.

---

[5]     See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 23, 2020).

-4-

ECF No. 52, Ex. A at 12-13.   Cf. United States v. Bouvier, 473 F.
Supp. 3d 205, 206 (W.D.N.Y. 2020) (finding defendant had not
established "extraordinary and compelling" circumstances where his
asthma was treated by medication at his facility).   Further, FCI
McDowell, where defendant now resides, currently reports zero
confirmed active Covid-19 cases among an inmate population of
nearly 1,400.[6]   These circumstances significantly undermine
defendant's suggestion that he is at an unjustifiably high risk of
contracting Covid-19 while imprisoned.

Even were we to assume that defendant satisfied his burden
under Section 3582(c)(1)(A)(i), which he has not, the application
of the factors set forth in 18 U.S.C. § 3553(a) would strongly
counsel against release.[7]   Those factors include "the nature and
circumstances of the offense," as well as the need for the sentence
imposed "to reflect the seriousness of the offense, to promote
respect for the law, and to provide just punishment for the
offense."  18 U.S.C. § 3553(a)(1), (a)(2)(A).  As discussed above,
defendant pled guilty to conspiracy to commit money laundering in

---

[6]      COVID-19 Coronavirus, Federal Bureau of Prisons,
https://www.bop.gov/coronavirus/ (last accessed March 23, 2021).
[7]      "[A] court confronted with a compassionate release motion is
still required to consider all the Section 3553(a) factors to the extent they
are applicable, and may deny such a motion if, in its discretion,
compassionate release is not warranted because Section 3553(a) factors
override, in any particular case, what would otherwise be extraordinary and
compelling circumstances."  United States v. Gotti, No. 02 Cr. 743-07, 2020
WL 497987, at *2 (S.D.N.Y. Jan. 15, 2020).

connection with drug trafficking wherein he was entrusted with a substantial sum of over $150,000. As the Court noted in imposing sentencing, defendant displayed "a disrespect for the legal system" when he fled after being released on bail, and only appeared to answer for his crime 16 years later after he was arrested for additional criminal activity. Sentencing Tr. (Oct. 9, 2019) 24:15-16. In imposing a sentence of 63 months – which constituted the low end of the uncontested guidelines range – the Court stated that it "[could ]not find a basis to vary from the guidelines." Id. at 24:25-25:1. Less than a year and a half later, we again reach the same conclusion. Defendant seeks release from prison having served less than 50% of his sentence, but such a reduction would fail to reflect the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. Under the circumstances, consideration of the Section 3553(a) factors counsels against any reduction in defendant's sentence.

For the foregoing reasons, defendant's motion is denied.

**SO ORDERED.**

Dated:    New York, New York
          March 24, 2020

_____
     NAOMI REICE BUCHWALD
  UNITED STATES DISTRICT JUDGE

-6-